# United States Court of Appeals

## For the First Circuit

No. 16-1944

CYNTHIA DIANE WALKER-BUTLER,

Plaintiff, Appellant,

v.

NANCY A. BERRYHILL,*
Acting Commissioner of the Social Security Administration,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE
[Hon. D. Brock Hornby, U.S. District Judge]

Before
Lynch, Baldock,** and Kayatta
Circuit Judges.

Riley L. Fenner on brief for appellant.
Nicole Sonia, Special Assistant United States Attorney,
Social Security Administration, Office of the General Counsel,
and Thomas E. Delahanty II, United States Attorney, on brief for
appellee.

May 12, 2017

---

* Pursuant to Fed. R. App. P. 43(c)(2), Nancy A. Berryhill
has been substituted for Carolyn W. Colvin as Acting
Commissioner of the Social Security Administration.

** Of the Tenth Circuit, sitting by designation.

**BALDOCK, Circuit Judge**. Following a remand from a federal district court, the Commissioner of Social Security issued a partially favorable decision on Plaintiff Cynthia Diane Walker-Butler's claim for Title II disability benefits. Dissatisfied, Plaintiff once again sought review of the Commissioner's decision in federal court, but the district court dismissed her complaint as untimely. We consider in this appeal whether a five-day grace period outlined in 20 C.F.R. § 422.210(c) should have applied on remand and saved her complaint from dismissal.

## I.

An individual seeking Title II disability benefits from the Social Security Administration may obtain judicial review in federal district court of "any final decision of the Commissioner of Social Security [regarding those benefits] made after a hearing to which he was a party." 42 U.S.C. § 405(g). On an individual's initial application for disability benefits, such a final decision arises in only two circumstances. First, the decision of the administrative law judge ("ALJ") who held the hearing on the individual's claim will become the final decision of the Commissioner if the Appeals Council of the Social Security Administration denies the individual's request for further review. 20 C.F.R. §§ 404.981, 422.210(a). Second,

if the Appeals Council does decide to review the individual's claim, the Appeals Council's decision becomes the final decision of the Commissioner. Id. In either instance, the Appeals Council must take some action—either denying review or issuing its own decision—before the individual is considered to have exhausted his or her administrative remedies with the Social Security Administration and may therefore seek judicial review in federal district court. See id.

But what counts as the Commissioner's final decision differs when the individual's case has already gone to federal court and been remanded for further proceedings. In such an instance, and assuming the individual does not file with the Appeals Council any written exceptions to the ALJ's new decision on remand, the ALJ's decision "will become the final decision of the Commissioner after remand on [the individual's] case unless the Appeals Council assumes jurisdiction of the case" within sixty days after the date of the ALJ's new decision.[1]  Id.

_____

[1]    If the individual does file written exceptions with the Appeals Council, then the procedures are much more similar to an individual's initial application for benefits: either the Appeals Council will (1) "conclude[] that there is no reason to change the decision of the [ALJ]" and deny review, in which case "the decision of the [ALJ] is the final decision of the Commissioner after remand," 20 C.F.R. § 404.984(b)(2), or (2) assume jurisdiction of the case based on the exceptions and issue a "new, independent decision" that in turn functions as the final decision of the Commissioner after remand, id. § 404.984(b)(3).

§ 404.984(a), (c) (emphases added). Put differently, the Appeals Council does not need to take action before the individual may seek judicial review in federal district court. See id. If the Appeals Council chooses to do nothing, the ALJ's decision automatically becomes the final decision of the Commissioner. Id. § 404.984(d).

These differences in finality on an initial application for disability benefits and on remand from a district court influence how we calculate the amount of time the individual has to seek judicial review. In both situations, 42 U.S.C. § 405(g) applies and mandates that the individual must file his or her civil action "within sixty days after the mailing to him of notice of [the Commissioner's final] decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). Even so, the specific procedural posture of the case changes the practical effect of this statute.

As we explain more later on, however, the case currently before us does not involve any decision on remand to which written exceptions were filed with the Appeals Council. Thus, for the sake of simplicity, when we discuss cases on remand or the Commissioner's final decision on remand, we are specifically referring to the situation where an individual has not filed any written exceptions to the ALJ's decision. Similarly, our ultimate decision today is only concerned with situations where an individual has not filed any written exceptions.

On initial applications for disability benefits, applying § 405(g) is relatively straightforward. In that scenario, the Appeals Council, which must take some action, always mails the individual a notice of that action (i.e., denying review or issuing its own decision). 20 C.F.R. §§ 404.967, 404.981. As such, the default rule under § 405(g) is that the individual has sixty days from the date the notice was mailed to bring a civil action unless the Commissioner has given him or her more time to do so. And under 20 C.F.R. § 422.210(c), the Commissioner has done just that: pursuant to this regulation, the sixty-day time limit starts when the individual receives the notice of the Appeals Council's action. Further, § 422.210(c) provides that "[f]or purposes of this section, the date of receipt of notice . . . shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary."

But on remand, the application of § 405(g) is a bit trickier. While the ALJ must mail a notice of its new decision on remand to the individual, see 20 C.F.R. §§ 404.977(c), 404.984(b)(1), the Appeals Council, which has no obligation to act, need not mail a notice to the individual when it decides not to assume jurisdiction over the case, see id. § 404.984(d) (omitting any language suggesting that the Appeals Council must mail to the individual a notice of its decision not to assume

jurisdiction). In other words, in the situation where the ALJ's decision automatically turns into the final decision of the Commissioner after sixty days, no new notice is mailed to the individual informing him or her of that transformation. This makes § 405(g) somewhat awkward to apply to these situations on remand even though it undoubtedly does apply: because the Appeals Council does not mail a separate notice of this automatic final decision, how can the individual file his or her civil action in federal court within sixty days of the mailing of a notice?

Obviously, the individual cannot do so. For that reason, § 405(g)'s sixty-day time limit must necessarily begin to run from the day the ALJ's decision automatically transforms into the final decision of the Commissioner.[2] As one district court aptly put it, "[t]he Appeals Council's inaction triggers

---

[2] An argument could be made that on remand the ALJ's notice of decision, which could potentially become the final decision of the Commissioner after sixty days, instead functions as the notice from which the sixty-day filing period described in § 405(g) begins to run. But this would make little sense. The practical result of such an interpretation would be that the individual would still have to wait a full sixty days to see if the Appeals Council would assume jurisdiction of the case, 20 C.F.R. § 404.984(c), and then if it did not, he or she would have little to no time left to seek judicial review of the ALJ's decision in federal court. As should be quite obvious, that would be manifestly absurd and unjust. In any event, both Plaintiff and the Commissioner assume on appeal that the sixty-day filing period under § 405(g) begins to run from the date the ALJ's decision automatically becomes the Commissioner's final decision, and we see no reason to disturb this mutual agreement.

the finality of the decision (without need for any mailing of a notice of final decision), and a claimant then has sixty days from that date to commence a civil action." Harris v. Colvin, No. 3:15-cv-05575-RBL, 2015 WL 9302910, at *1 (W.D. Wash. Dec. 18, 2015).

But what about 20 C.F.R. § 422.210(c) and its five-day grace period? Can it somehow apply on remand to give an individual an extra five days to once again seek judicial review in federal court even though this regulation speaks in terms of receiving a notice? The applicability of § 422.210(c) to cases on remand forms the basis of Plaintiff's appeal today.

## II.

Plaintiff applied for Title II disability benefits with the Social Security Administration. An ALJ initially denied her claim after a hearing, and the Appeals Council denied her request for review. Accordingly, the ALJ's decision became the final decision of the Commissioner from which Plaintiff sought judicial review with a federal district court. 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.981, 422.210. The district court remanded her claim for further administrative proceedings in December 2014.

On August 27, 2015, while on remand, the ALJ changed course and issued a partially favorable decision on Plaintiff's

claim.  The ALJ mailed a copy of the notice of that decision to Plaintiff.  In pertinent part, the notice stated the following:

> If you do not file written exceptions and the Appeals Council does not review my decision on its own, my decision will become final on the 61st day following the date of this notice.  After my decision becomes final, you will have 60 days to file a new civil action in Federal district court.  You will lose the right to a court review if you do not file a civil action during the 60-day period starting with the day my decision becomes final. . . .  We will not send you any more notices about your right to file in Federal district court.

Notably, Plaintiff did not file any written exceptions to the ALJ's decision on remand.  Similarly, the Appeals Council did not review the ALJ's decision on its own accord.  The ALJ's decision therefore became the final decision of the Commissioner once again.  20 C.F.R. § 404.984.

Plaintiff thereafter filed a civil action in federal district court on January 4, 2016, challenging the ALJ's decision on remand.  The Commissioner, however, moved to dismiss Plaintiff's action on the basis that it was untimely.  The Commissioner argued that the ALJ's decision became final on October 27, 2015, which was the first day after the Appeals Council's sixty days to assume jurisdiction of the ALJ's August 27, 2015 notice of decision had run.  As such, the Commissioner calculated that Plaintiff had until only December 26, 2015—sixty days after the ALJ's decision became final—to file a civil action in federal court challenging the decision.  Since

- 8 -

December 26 was a Saturday, however, the Commissioner conceded that Plaintiff could wait until the following Monday, December 28 to file her claim. But because Plaintiff nonetheless missed this deadline by several days, the Commissioner believed that Plaintiff's action was time-barred.

In response, Plaintiff argued that 20 C.F.R. § 422.210(c) and its five-day grace period saved her claim from being untimely. By applying this five-day grace period, she claimed that she was presumed to have received the ALJ's August 27 notice of its decision five days later on September 1, 2015. As a result, she maintained that the ALJ's decision actually became final sixty-one days later on November 1, 2015. But because November 1 was a Sunday, Plaintiff noted that she could not have received any notice of the Appeals Council's assumption of jurisdiction over the case "had it done so" until the following day on Monday, November 2. Under the impression that this meant she could start counting from November 2, Plaintiff calculated that her sixty-day filing limit fell on January 1, 2016, a federal holiday. The next business day after this federal holiday was Monday, January 4, 2016, the date on which Plaintiff filed her complaint in district court. Consequently, and although many steps were involved, Plaintiff claimed that her civil action was timely.

The district court ruled against Plaintiff. It concluded that "20 C.F.R. § 422.210 is a regulation that deals with judicial review of initial final decisions, not final decisions on remand," and therefore determined that Plaintiff could not rely on the five-day grace period outlined in that regulation. As a result, the district court sided with the Commissioner and dismissed her complaint for being untimely filed.

Plaintiff now appeals from the district court's dismissal and asks us to hold that the five-day grace period outlined in 20 C.F.R. § 422.210(c) applies to final decisions on remand.

**III.**

We hold that the five-day grace period outlined in § 422.210(c) does not apply to final decisions on remand where the individual does not file any written exceptions to the ALJ's decision and the Appeals Council does not assume jurisdiction of the case.

First, the language of § 422.210(c) itself makes this conclusion apparent. By its terms, the five-day grace period outlined in that regulation applies only when the individual receives a "notice of denial of request for review . . . or notice of [a] decision by the Appeals Council." 20 C.F.R. § 422.210(c). Section 422.210(c), therefore, assumes that the

- 10 -

Appeals Council has taken some action informing the individual of what it has chosen to do. And as we explained before, the only time the Appeals Council must take such action is on an initial application for benefits. On remand, by comparison, the Appeals Council has no obligation to mail any notice to the individual if it decides not to assume jurisdiction over his or her case. For that reason, the terms of § 422.210(c) simply do not apply to decisions on remand.

Second, and contrary to Plaintiff's suggestion, the language of 20 C.F.R. § 404.984(c) teaches that the five-day grace period under § 422.210(c) does not apply instead to the individual's receipt of the ALJ's notice of decision. According to § 404.984(c), the ALJ's decision will become final unless the Appeals Council assumes jurisdiction of the case "[a]ny time within 60 days after the date of the decision of the [ALJ]." 20 C.F.R. § 404.984(c) (emphasis added). The plain language of this regulation mentions nothing about mailing or receiving the ALJ's notice; it mentions only the date of the ALJ's notice of decision. The date the individual receives the ALJ's notice of decision on remand is therefore irrelevant, because under § 404.984(c) the date the ALJ's decision becomes final "is not dependent on the date of plaintiffs [sic] receipt of the decision." Harris, 2015 WL 9302910, at *1. Instead, "the 60-

- 11 -

day deadline for action is <u>the Administration's</u>, not the plaintiff's." <u>Id.</u> (emphasis added).[3]

Third, applying § 422.210(c) to decisions on remand is simply unnecessary. In those situations, the individual already has substantially more time to decide whether to seek judicial review than he or she would on an initial application for benefits: in addition to the sixty days under 42 U.S.C. § 405(g) guaranteed to any individual wishing to challenge the Commissioner's final decision in federal court, an individual on remand <u>also</u> has sixty days from the date of the ALJ's decision under 20 C.F.R. § 404.984(c) when he or she is waiting to see if that decision will transform into the final decision of the Commissioner. In effect, this is extra time for the individual to contemplate whether he or she will file a claim in federal court should the ALJ's decision be the final decision of the Commissioner.

For illustration, assume for the purposes of argument that the ALJ's August 27 notice of decision on remand was egregiously delayed in the mail and that Plaintiff actually

---

[3] As a side note, we also find it interesting that Plaintiff thinks the ALJ's notice of decision <u>should</u> be considered as the notice from which she can benefit from the five-day grace period under § 422.210(c), but <u>should not</u> be considered as the notice from which the sixty-day time limit for filing a federal action under § 405(g) begins to run. <u>See</u> <u>supra</u> note 2. We are not entirely sure why the ALJ's notice of decision would apply in one instance but not the other. It appears that Plaintiff wants to have her cake and eat it, too.

- 12 -

received it several weeks later on October 1. Without further action by the Appeals Council, that decision would still have become final on October 27, which would mean that Plaintiff would have had to file an action in federal court challenging it by December 28. In that situation, Plaintiff would still have had nearly three months to decide whether to challenge the ALJ's action. Even after factoring in such an egregious delay, this is still significantly longer than the sixty-five days (sixty days under 42 U.S.C. § 405(g) plus the five-day grace period under 20 C.F.R. § 422.210(c)) that an individual usually has to decide whether to challenge the Commissioner's final decision on an initial application for benefits. Thus, giving an individual on remand recourse to the five-day grace period outlined in § 422.210(c) would amount to an unnecessary windfall.

Fourth and finally, the ALJ's actual notice of decision that was issued to Plaintiff in this case explicitly and accurately informed her of the time limits she had to seek judicial review in federal court. The ALJ advised Plaintiff that "my decision will become final on the 61st day following the date of this notice," which conforms to the requirements of 20 C.F.R. § 404.984(c). Further, the ALJ also advised Plaintiff that "[a]fter my decision becomes final, you will have 60 days to file a new civil action in Federal district court," which conforms to the requirements of 42 U.S.C. § 405(g). Plaintiff

- 13 -

was therefore fully informed of the time in which she could seek judicial review.

Plaintiff attempts to seize on another portion of the ALJ's notice of decision wherein the ALJ informed her that "[t]he Appeals Council assumes that [she] got this notice within 5 days after the date of the notice."  But the ALJ included this statement within a section discussing the time within which Plaintiff could file written exceptions to his decision.  In such a context, the five-day grace period under § 422.210(c) makes perfect sense:   the regulation that outlines the requirements for filing written exceptions explicitly states that "[t]he exceptions must be filed within 30 days of the date you receive the decision of the [ALJ]."  20 C.F.R. § 404.984(b)(1) (emphasis added).  Because that regulation explicitly speaks in terms of receiving decisions, applying the five-day grace period under § 422.210(c) presents no problems. But Plaintiff never filed any written exceptions to the ALJ's decision.  As such, the section of the ALJ's notice of decision referencing the five-day grace period has no application for our present purposes.

In conclusion, Plaintiff cannot apply the five-day grace period under 20 C.F.R. § 422.210(c) to save her civil claim from being untimely.  And although the sixty-day time limit under 42 U.S.C. § 405(g) is subject to equitable tolling,

- 14 -

see Bowen v. City of New York, 476 U.S. 467, 480 (1986), Plaintiff has made no arguments suggesting that this doctrine should apply to the facts of her case.  We thus deem waived any argument Plaintiff could have made to that effect.

**IV.**

For the reasons described above, we AFFIRM the district court's decision and order dismissing Plaintiff's claim as untimely.