An item not included within the list may still qualify as durable medical equipment if it satisfies the following regulatory definition:
Durable medical equipment means equipment, furnished by a supplier or a home health agency that meets the following conditions:
(1) Can withstand repeated use.
(2) Effective with respect to items classified as DME after January 1, 2012, has an expected life of at least 3 years.
(3) Is primarily and customarily used to serve a medical purpose.
(4) Generally is not useful to an individual in the absence of an illness or injury.
(5) Is appropriate for use in the home.
42 C.F.R. § 414.202.
Judicial review of Administration decisions under the Social Security Act is governed by 42 U.S.C. § 405(g). Walker-Butler v. Berryhill, 857 F.3d 1, 3 (1st Cir. 2017). Federal courts "have the power to enter ... a judgment affirming, modifying or reversing the decision of the Commissioner." 42 U.S.C. § 405(g).
The Court shall affirm the final decision if it is supported by substantial evidence and the correct legal standard is used. Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). The agency's findings of fact, "if supported by substantial evidence, shall be conclusive." Seavey, 276 F.3d at 10 (quoting 42 U.S.C. § 405(g) ). The Court reviews issues of law de novo. Id. at 9. Mixed questions of law and fact fall on a sliding scale for which "the more fact-dominated the question, the more likely it is that the trier's resolution of it will be accepted" unless that decision is clearly erroneous. In re Extradition of Howard, 996 F.2d 1320, 1328 (1st Cir. 1993) (internal citations omitted).
V. Analysis
Lewis maintains that the Secretary's decision is wrong on both the law and the facts. She contends that the conclusion that CGM does not perform a medical purpose, and therefore does not qualify as DME, is not supported by substantial evidence and is contrary to the administrative record.
The Secretary responds that the Council correctly determined that CGM serves a precautionary, not medical, purpose because CGM cannot be relied upon independently to make a glucose determination.
To qualify as a DME, a device must be "primarily and customarily used to serve a medical purpose."See 42 C.F.R. § 414.202. The Food and Drug Administration, the National Institutes of Health and multiple professional medical societies such as the American Diabetes Association and the American Medical Association deem CGM primarily and customarily to serve a medical purpose as a medical device. The Secretary makes no mention of the opinions of those societies in his decision. But see Medicare Benefit Policy Manual, Chap. 15, § 110.1(B)(1) (providing that the determination of whether a specific item of equipment is medical in nature is to include the advice of medical societies and specialists in the field). His decision is not supported by substantial evidence.
"Precautionary" is defined in neither the Act nor its regulations. The only example provided for precautionary-type equipment is a preset portable oxygen unit. See id. at § 110.1(B)(2). A CGM, in contrast to a "back-up" oxygen tank, is used as a primary monitoring device. It is the primary method of glucose monitoring for persons with hypoglycemic unawareness. Although the Council maintained that a CGM serves *579 a duplicative function to a fingerstick, it failed to recognize that CGM devices also provide trend information and overnight monitoring that fingersticks cannot provide.
The fact that fingersticks may be used to confirm the results of a CGM does not deprive a CGM of its "primarily medical" character. First, Medicare frequently covers confirmatory testing. Second, the FDA recognizes that a CGM may be a diabetic's sole means of monitoring glucose levels. The Secretary's assertion that a device loses its medical nature if it is used in conjunction with another medical device is contrary to law. See Finigan v. Burwell, 189 F.Supp.3d 201, 207 n. 6 (D. Mass. 2016) (rejecting Secretary's argument that CGMs are precautionary because they may be used in conjunction with other monitoring equipment).
The Council's decision that CGM devices are not primarily and customarily used to serve a medical purpose constituted legal error and was not supported by substantial evidence. The petitioner's motion for summary judgment will therefore be allowed. See Tangney v. Burwell, 186 F.Supp.3d 45, 57 (D. Mass. 2016).
ORDER
For the foregoing reasons, plaintiff's motion to alter or amend the judgment (Docket No. 60), entered on August 22, 2017 with respect to plaintiff's motion for summary judgment (Docket No. 48) is ALLOWED and judgment is entered in favor of plaintiff. Plaintiff's motion for hearing (Docket No. 72) is DENIED AS MOOT .
So ordered.